Matter of Tyler P. v Merrick (2023 NY Slip Op 03626)

Matter of Tyler P. v Merrick

2023 NY Slip Op 03626

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

461 TP 23-00185

[*1]IN THE MATTER OF TYLER P., A MINOR CHILD, BY HIS NATURAL MOTHER, MARI G., PETITIONER,
v
SARAH G. MERRICK, COMMISSIONER OF ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES-ECONOMIC SECURITY, ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES-ECONOMIC SECURITY, AND NEW YORK STATE DEPARTMENT OF HEALTH, OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, OFFICE OF ADMINISTRATIVE HEARINGS, RESPONDENTS. 

BERNARD V. KLEINMAN, SOMERS, FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF HEALTH, OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, OFFICE OF ADMINISTRATIVE HEARINGS.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Gregory R. Gilbert, J.], entered January 23, 2023) to review a determination of respondents. The determination denied the application for payment of third-party health insurance benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: In this proceeding pursuant to CPLR article 78, petitioner seeks to annul a determination of the New York State Department of Health, issued after a fair hearing, that upheld a determination of respondent Onondaga County Department of Social Services—Economic Security denying petitioner's application for reimbursement of premiums for employer-sponsored health insurance on the ground that payment would not be cost-effective. Contrary to petitioner's contention, the record contains substantial evidence (see CPLR 7803 [4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]; Matter of Albino v Shah, 111 AD3d 1352, 1354 [4th Dept 2013]; Matter of Barbato v New York State Dept. of Health, 65 AD3d 821, 822-823 [4th Dept 2009], lv denied 13 NY3d 712 [2009]) supporting the determination that payment of the health insurance premiums would not be cost-effective (see 18 NYCRR 360-7.5 [g] [1]; Matter of Maione v New York State Off. of Temporary & Disability Assistance, 144 AD3d 916, 916 [2d Dept 2016], lv denied 29 NY3d 918 [2017], rearg denied 30 NY3d 1039 [2017]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court